IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to: All Actions | Master Docket No. 22-mc-152<br><br>MDL No. 3021 |

**MEMORANDUM OPINION**

Pending before the court are objections (ECF No. 646) filed by SoClean, Inc. ("SoClean") to the special master's Report and Recommendation ("R&R") (ECF No. 616), which recommended that SoClean's motion (ECF No. 537) to dismiss the counterclaims filed by Koninklijke Philips N.V., Philips North America LLC and Philips RS North America LLC (collectively, "Philips") be denied. Philips filed a response (ECF No. 670), contending that the R&R be adopted. The objections are ripe for disposition.

SoClean's objections to the R&R will be reviewed de novo. The parties waived any objections to recommendations from the special master to which no objection was filed. (ECF No. 581 ¶¶ 16, 17.

Background

The special master set forth the applicable procedural history and factual background in the R&R. The court observes that the initial transfer order for this multidistrict litigation ("MDL") occurred in February 2022. The transfer order recognized that this court, because it

presided over MDL No. 3014 (the "Philips MDL"), was uniquely situated to preside over the overlapping claims in the SoClean MDL. There have been substantial efforts to coordinate activities in both MDLs to promote judicial economy.

Discovery has proceeded despite the parties' disputes over the pleadings. The fact discovery deadline is December 20, 2024 (ECF No. 686). There is a case management order in place with deadlines to resolve other pending matters in the SoClean MDL, including: (1) whether either SoClean or Philips has standing (which may be dispositive of both parties' claims); (2) personal jurisdiction over DW Management Services, LLC, d/b/a DW Healthcare Partners ("DW"); (3) a motion to substitute White Oak Healthcare Finance LLC ("White Oak") as the real party in interest; and (4) Philips' motion to amend its counterclaims.[1]  (ECF No. 686-1).

There are separate tracks in the SoClean MDL for the "business to business" dispute (to which the pending R&R relates) and the SoClean consumer class actions. SoClean's operative second amended complaint against Philips (ECF No. 211) was filed in October 2022. The Philips' counterclaims at issue (ECF No. 507) were filed in January 2024. SoClean's motion to dismiss the counterclaims (ECF No. 537) was filed in February 2024. The special master held oral argument on April 11, 2024, which the court attended. The R&R was issued on May 29, 2024.

Objections were due within 21 days. On June 10, 2024, however, the court stayed deadlines in the business to business case to facilitate settlement discussions. (ECF No. 627). Counsel reported at the July 24, 2024 status conference that the case did not settle at a mediation

---

[1] Counsel for both sides agree that the proposed amendments do not affect the special master's R&R.

session held on July 15, 2024.  (Transcript, ECF No. 654).  The objections, therefore, are timely and must be decided.

Discussion

The parties do not dispute the applicable standard for deciding motions to dismiss.  *See* ECF No. 480.  There are three counterclaims filed by Philips against SoClean at issue: (1) Lanham Act § 43(a) false advertising; (2) Lanham Act § 43(c) trademark dilution; and (3) Deceptive Trade Practices under the New Hampshire Consumer Protection Act.  (ECF No. 506).[2]  The special master recommended that SoClean's motion to dismiss the counterclaims be denied.  The court will address SoClean's objections on each counterclaim.  The court will also address SoClean's argument that all counterclaims are untimely filed.

1. Lanham Act false advertising

In a prior opinion (ECF No. 480), this court provided an overview of false advertising claims under the Lanham Act, 15 U.S.C. § 1125(a), including its discussion of the Supreme Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) ("*Lexmark*").  That overview is incorporated in this opinion by reference.  *See* ECF No. 480 at 33-45.  The parties agree on the elements of a false advertising claim.

SoClean challenges only the special master's analysis of the proximate causation element.  SoClean argues that Philips failed to allege adequately causation because there are multiple intervening steps between the alleged consumer deception and Philips' alleged injury.

---

[2] The court notes that SoClean asserted Lanham Act and New Hampshire Consumer Protection Act claims against Philips.  Philips filed a motion to dismiss those claims, which the court addressed in a memorandum opinion and order (ECF Nos. 480, 481).

3

In *Lexmark*, the Supreme Court held "that a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 133.  The special master analyzed this argument at length and concluded that the allegations, construed in the light most favorable to Philips, supported a reasonable inference of causation, i.e.: SoClean's claim that its device was compatible with the Philips devices was false, which influenced consumers to use SoClean's device with Philips devices -- thereby damaging Philips' products by causing the foam to degrade, as well as harming the reputation of Philips' products, and causing a decline in Philips' sales.  R&R at 18.

The special master explained that traditional proximate causation principles apply because the harm flows from SoClean's own pronouncement that its device was compatible with Philips' devices.  *Id.* at 18-19 (citing *Lexmark*).  The special master concluded that the intervening causes cited by SoClean, i.e., the FDA alert and Philips' voluntary recall, may affect damages, but created factual disputes about proximate causation that could not be resolved at the motion to dismiss stage.  *Id.* at 19-25.

The court agrees with the special master.  Proximate causation is typically a question of fact. *Sikkelee v. Precision Airmotive Corp.*, 907 F.3d 701, 716 (3d Cir. 2018) (issues of proximate causation are generally for the jury).  SoClean will have the opportunity to reassert its causation arguments at the summary judgment stage based upon a fully-developed factual record.

In sum, SoClean's objections to the R&R with respect to counterclaim I will be denied.

2. Lanham Act § 43(c) trademark dilution

SoClean argues that the trademark dilution theory requires an association between two similar <u>trademarks</u> and Philips cannot state a trademark dilution claim by alleging an association between its trademark and SoClean's <u>product</u>. The R&R did not specifically address this argument.

The Lanham Act provides, in relevant part:[3]

> (c) Dilution by blurring; dilution by tarnishment
>
> (1) Injunctive relief[4]
>
> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences **use of a mark** or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.
>
> (2) Definitions
>   (A) For purposes of paragraph (1), a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner. In determining whether a mark possesses the requisite degree of recognition, the court may consider all relevant factors, including the following:
>     (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties.
>     (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark.
>     (iii) The extent of actual recognition of the mark.
>     (iv) Whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.
>   (B) For purposes of paragraph (1), "dilution by blurring" is association arising from the **similarity between a mark or trade name and a famous mark** that impairs the distinctiveness of the famous mark. In determining whether a mark or trade name is likely to cause dilution by blurring, the court may consider all relevant factors, including the following:

---

[3] The R&R did not address SoClean's argument that its use fell within the "fair use" exclusion set forth in § 1125(c)(3)(A) because that argument was not raised in SoClean's initial brief. R&R at 35 n.9.
[4] Philips properly seeks only injunctive relief on this counterclaim. ECF No. 506 at 33.

        (i) The degree of similarity between the mark or trade name and the famous mark.
        (ii) The degree of inherent or acquired distinctiveness of the famous mark.
        (iii) The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark.
        (iv) The degree of recognition of the famous mark.
        (v) Whether the user of the mark or trade name intended to create an association with the famous mark.
        (vi) Any actual association between the mark or trade name and the famous mark.
      (C) For purposes of paragraph (1), "dilution by tarnishment" is association arising from the **similarity between a mark or trade name and a famous mark** that harms the reputation of the famous mark.

15 U.S.C. § 1125(c) (emphasis added).

The blurring and tarnishment theories, pursuant to the statutory text, require association arising from the similarity between two different marks, i.e., a mark and a famous mark. *See Jack Daniel's Properties, Inc. v. VIP Prod. LLC*, 599 U.S. 140, 147 (2023) ("As the statute describes the idea, an 'association arising from the similarity between' two marks—one of them famous—may 'harm[ ] the reputation of the famous mark,' and thus make the other mark's owner liable. § 1125(c)(2)(C)."). The "one mark" decisions cited by Philips are from lower courts, predate *Jack Daniels*, and are difficult to reconcile with the statutory text.

The Supreme Court explained that a mark identifies a product's source and distinguishes that source from others; i.e., "a mark tells the public who is responsible for a product." *Id.* at 146. To state a trademark dilution claim, a plaintiff must plead: (1) "the plaintiff is the owner of a mark that qualifies as a 'famous' mark;" (2) "the defendant is making commercial use in interstate commerce of a mark or trade name;" (3) the defendant's "use began after the plaintiff's mark became famous;" and (4) the defendant's "use causes dilution **by lessening the capacity of the plaintiff's <u>mark</u> to identify and distinguish goods or services**." *Times Mirror Magazines, Inc. v. Las Vegas Sports News, LLC*, 212 F.3d 157, 163 (3d Cir. 2000) (emphasis added).

6

Philips' counterclaims allege that SoClean created a compatability chart, using Philips trademarks, which stated that SoClean's products were "compatible with free adapter" with Philips' products.  *See* ECF No. 506 ¶¶ 36-41.  The chart is titled: "Is your SoClean Compatible?"  SoClean does not claim compatibility only with Philips devices.  *See* ¶ 39 ("SoClean 3 works with <u>all</u> popular sleep equipment brands & models.").

The court does not discern how these uses lessen the capacity of Philips' <u>mark</u> to identify and distinguish Philips' mark from SoClean's mark.  Philips does not allege that the marks themselves are similar.  The cited averments keep SoClean's product and Philips' products separate.  There is a distinction between SoClean, as the source of the cleaning product, and Philips, as one source of the CPAP product.  The chart states that an adapter is needed to connect the SoClean device and the Philips device.  SoClean did not put Philips' mark on SoClean's product.  There are no averments setting forth "an association arising from the similarity between two marks."  *Jack Daniels*, 599 U.S. at 147.

At most, Philips alleges that it is damaged by the association of its marks with SoClean's defective product and false claim of compatibility.  That theory, however, is duplicative of the false advertising counterclaim.

The court concludes that Philips did not adequately plead a trademark dilution claim.  This aspect of the R&R will not be adopted.  SoClean's objections to the R&R will be granted and Counterclaim II will be dismissed with prejudice.

3. New Hampshire Consumer Protection Act

SoClean argues that the allegations in support of the New Hampshire Consumer Protection Act claim, N.H. Rev. Stat. Ann. § 358-A:2, are too speculative and conclusory.  The gravamen of

SoClean's objection is that its advertisements never claimed full chemical compatibility with Philips' products, but only addresses its product's physical compatibility (with an adapter).

The R&R quoted the relevant allegations in the counterclaim and explained that they satisfied the pleading standard in two ways: (1) SoClean made representations about characteristics its product did not have (i.e., full compatibility); and (2) SoClean made representations about its sponsorship, approval, affiliation or connection with Philips.

At the motion to dismiss stage, reasonable inferences must be drawn in the light most favorable to the nonmoving party (here, Philips).  It is certainly reasonable to infer that a consumer would understand the references to "compatibility" to mean that the SoClean device can actually be used with the Philips device without causing harm to the Philips device or to consumers who use both devices together.  As Philips analogized, a consumer seeing a claim that a charging cable was compatible with a certain phone would conclude that the cable not only physically fit, but also would "charge their phone without frying the motherboard." (ECF No. 670 at 18).

The court concludes that the averments are sufficient, at the motion to dismiss stage, to infer some kind of affiliation or approval for use of SoClean's device with Philips devices (and other CPAP manufacturers).  The issue of customer confusion is better resolved based upon a full evidentiary record.

In sum, SoClean's objections to the R&R with respect to whether counterclaim III states a valid claim will be denied.

4. Timeliness

SoClean argues that a presumption of laches applies because Philips pleaded that SoClean's wrongful conduct began in 2014. The special master concluded that laches cannot be decided at the motion to dismiss stage because it is unclear whether Philips can benefit from the "discovery rule" to toll the limitations period. R&R at 40-50. The special master explained that the pleadings in this case aver that SoClean knew that its compatibility claims were false in 2014, but do not show when Philips knew or should have known about the alleged conduct. R&R at 46. The special master accepted statements by Philips' attorney at oral argument that the discovery rule would apply, but did not analyze whether Philips pleaded facts in the counterclaims to support the discovery rule. The crux of SoClean's objection to the R&R with respect to all counterclaims[5] is that Philips failed to plead sufficient facts to plausibly invoke the discovery rule.

a. New Hampshire law

SoClean argues that New Hampshire law requires a party to plead affirmatively that the discovery rule applies and Philips did not do so. The special master explained in the R&R that the burden-shifting approach under New Hampshire law (including Philips' duty to plead facts to support the discovery rule) provided the applicable pleading standard. *See* R&R at 48-49. Neither party objected to that determination. Therefore, any objection to application of the New Hampshire pleading standard about what facts must be alleged to invoke the discovery rule is waived. (ECF No. 581 ¶ 16).[6]

---

[5] The court will not address the timeliness of the trademark dilution claim because it will be dismissed for the reasons set forth above.

[6] The court does not necessarily agree that the special master's determination was correct. If the New Hampshire law is viewed as a procedural rule, as pleading standards are generally viewed, then federal

The discovery rule under New Hampshire law is statutory. The law provides:

> Except as otherwise provided by law, all personal actions ... may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

N.H. Rev. Stat. Ann. § 508:4, I.

Under the New Hampshire discovery rule, "the limitations period is tolled until the plaintiff discovers, or reasonably should have discovered, both the injury and its causal connection to the allegedly negligent or wrongful act." *Ed's Carpet, Tile, & Hardwood, Inc. v. Marshall L. Off.*, No. 2015-0549, 2016 WL 3476476, at *1–2 (N.H. Feb. 11, 2016). "[A] plaintiff need not be certain of this causal connection; the possibility that it existed will suffice to obviate the protections of the discovery rule." *Id.* (quotation omitted).

In *Dobe v. Commissioner, New Hampshire Department of Health & Human Services*, 147 N.H. 458 (N.H. 2002), the court described a burden-shifting approach: "Once a defendant has established that the statute of limitations would bar an action, the plaintiff has the burden of raising and proving that the discovery rule is applicable to an action that would otherwise be barred by the statute of limitations. *Id.* at 461. In *Dobe*, the court held that the plaintiff did not

---

procedural law would be applicable. *See Guy v. Eliwa*, No. 4:23-CV-00412, 2023 WL 5916468, at *5 (M.D. Pa. Sept. 11, 2023) ("As a Federal court sitting in diversity jurisdiction, this Court applies Federal procedural law under the *Erie* doctrine—not state procedural law."); *c.f., Goodwin v. Townsend*, 197 F.2d 970, 972 (3d Cir. 1952) (if a statute of limitations does not operate to extinguish the plaintiff's right, it is procedural). Under federal procedural law, the pleading standard applicable to the New Hampshire Consumer Protection Act counterclaim would be the same as the pleading standard applicable for invoking the discovery rule with respect to the Lanham Act counterclaim (discussed below). Here, however, because the parties waived any objections to the special master's application of the New Hampshire burden-shifting approach, the New Hampshire standard is law of the case.

sustain its burden because it "**failed to allege any facts** supporting the claim that he was unable to reasonably discover the cause of his injuries [earlier]." *Id.*(emphasis added).

A similar burden-shifting approach was set forth in *Ed's Carpet*:

> The defendant bears the initial burden to establish that the action was not brought within three years of the challenged act or omission. *See id.* at 712. Once the defendant has satisfied this burden, the burden shifts to the plaintiff to establish that the discovery rule applies. *Id.* at 713. Thus, although application of the discovery rule presents a question of fact, *see Black Bear Lodge v. Trillium Corp.,* 136 N.H. 635, 638 (1993), the trial court may properly decide the issue on a dispositive motion if the plaintiff **fails to plead facts** supporting application of the discovery rule to a particular case.

*Ed's Carpet,* 2016 WL 3476476, at *1 (emphasis added).

In this case, SoClean met its initial burden to show on the face of the counterclaims that the action was not brought within three years. Counterclaim ¶ 1 states that SoClean's wrongful conduct began in 2014:

> 1.  **Since 2014**, and up until its 2023 FDA recall, SoClean has recklessly and unlawfully promoted the fiction that its ozone cleaning devices are "compatible" with the CPAPs and BiPAPs (collectively, "PAPs") designed and manufactured by Philips RS North America LLC ("Philips RS") when the reality is precisely the opposite. Contrary to SoClean's repeated representations of compatibility, SoClean knew that its ozone cleaners had the potential to eat away at Philips Respironics' PAPs from the inside.

ECF No. 506 ¶ 1 (emphasis added). Under New Hampshire law, the burden, therefore, shifted to Philips to plead sufficient facts to plausibly support the application of the discovery rule to this case.

The R&R did not analyze the counterclaims to determine whether Philips had met the New Hampshire pleading burden. The court examines the facts set forth in the counterclaim with respect to when Philips first reasonably should have discovered its cause of action against SoClean. There are no direct averments in the counterclaims about the discovery rule. At oral

argument, counsel for Philips pointed only to ¶ 7 as support for the discovery rule. (Transcript, ECF No. 606 at 72-73). That paragraph states:

> 7. Following the recall, Philips RS undertook an expansive testing program with a number of independent certified laboratories. That testing **confirmed the conclusion previously reached** from visual inspections and other testing: that ozone dramatically increases the risk that the PE-PUR foam will degrade in the recalled devices.

ECF No. 506 ¶ 7 (emphasis added). This paragraph does not establish that Philips was "unable to reasonably discover the cause of its injuries earlier." *Dobe*, 147 N.H. at 161. To the contrary, ¶ 7 clearly states that Philips knew about the problem sooner -- ¶ 7 pleads that the post-recall testing "confirmed the conclusion **previously reached**." There are no averments about when Philips first reached the conclusion that SoClean's product increased the risk that PE-PUR foam would degrade. There are no averments about why Philips was not reasonably able to reach that conclusion sooner.

The special master rejected Philips' reliance on ¶ 7. Instead, the special master concluded Philips reasonably should have known of its harm no later than February 2020, based on ¶ 4 of the counterclaims. R&R at 47. In ¶ 4, Philips pleaded, in relevant part:

> As FDA explained in a February 2020 Safety Communication, "these devices claiming to clean, sanitize or disinfect CPAP machines and accessories have not been FDA cleared or approved for marketing in the U.S." Thus, FDA characterized "ozone gasbased products" as "illegally marketed," and recommended CPAP users "follow the cleaning instructions provided by the CPAP's manufacturer, which normally include regular cleaning with soap and water."

ECF No. 506 ¶ 4. The court agrees with the special master that February 2020 is <u>latest</u> date for which the discovery rule could toll the limitations period. Paragraph 4, however, does not establish the <u>earliest</u> date on which Philips knew or reasonably should have known of its injury and SoClean's causal connection to that injury, which is the relevant date for the discovery rule. *Ed's Carpet*, 2016 WL 3476476 at *1-2. As set forth above, the court concludes that Philips did

12

not meet its burden under New Hampshire law to plead sufficient facts to support plausible application of the discovery rule.

In sum, SoClean's objections to this aspect of the R&R will be granted. The counterclaims, on their face, show that SoClean's conduct occurred outside the 3-year New Hampshire limitations period and do not satisfy Philips' duty under New Hampshire law to plead facts to plausibly support the application of the discovery rule. Counterclaim III will be dismissed as untimely filed. The dismissal, however, will be without prejudice to Philips' ability to seek leave to file an amended counterclaim to plead sufficient facts to invoke the discovery rule.

b.  Lanham Act

The pleading duty with respect to the Lanham Act false advertising claim is governed by federal law.[7] *See Quality Cleaning Prod. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 207 (1st Cir. 2015) ("We have not had the occasion to define the contours of a plaintiff's burden to plead facts necessary to invoke the discovery rule—an inquiry governed by federal law, even in a diversity case."). The special master determined that the federal law of this circuit, i.e., Third Circuit law, must be applied. R&R at 43. Neither party objected to that determination.

As an initial matter, the Third Circuit Court of Appeals recently instructed in *Kars 4 Kids Inc. v. American Can!*, 98 F.4th 436 (3d Cir. 2024) ("*Karz II*"),[8] that this court must apply the presumption of laches. The court explained the applicable analysis: "To determine whether

---

[7] If the pleading burden was governed by Pennsylvania law, Philips would be required to "allege facts showing plaintiff's lack of prior knowledge regarding the nature of the alleged injury, and why plaintiff could not have learned of it at an earlier point." *SpiriTrust Lutheran v. Wagman Constr., Inc.*, 314 A.3rd 894, 906 (Pa. Super. Ct. Apr. 23, 2024).

[8] The R&R did not discuss *Karz II*, but did discuss the decision in *Karz I*, 8 F.4th 209 (3d Cir. 2021).

13

laches bars a claim, we consider two elements: (1) whether the plaintiff inexcusably delayed in bringing suit, and (2) whether the defendant was prejudiced as a result of the delay." *Id.* at 443–44.  Because the Lanham Act does not contain a limitations period, the court must "determine which party bears the burden of proof for a laches claim by identifying 'the most analogous statute of limitation as a guideline,'[9] and then determining whether that period has expired." *Id.* at 444.  If the period has expired, the burden shifts to the plaintiff and the Lanham Act "claims are barred by laches unless it establishes both that (1) its delay in suing was excusable and (2) the delay did not prejudice [the defendant]." *Id.*  The district court commits reversible error if it fails to apply the presumption of laches. *Id.*  It is unclear whether *Karz II* affects the pleading burden because it involved the summary judgment stage.

The laches defense, if its applicability can be determined on the face of the pleadings, may be resolved at the motion to dismiss stage.  Generally, however, "because the correct disposition of the equitable defense of laches can only be made 'by a close scrutiny of the particular facts and a balancing of the respective interests and equities of the parties, as well as of the general public,' 2 J. McCarthy Trademarks and Unfair Competition 573 (2d ed. 1984), it usually requires the kind of record only created by full trial on the merits." *Country Floors, Inc. v. P'ship Composed of Gepner & Ford*, 930 F.2d 1056, 1066 (3d Cir. 1991).  In *DeWulf v. Blatt Billiard Corp.*, No. CV2204851, 2023 WL 3199192 (D.N.J. May 2, 2023), the court explained:

> "[W]hen the defense of laches depends on disputed facts, it is inappropriate to make a determination on a motion to dismiss." *Kaufhold v. Caiafa*, 872 F. Supp. 2d 374, 380 (D.N.J. 2012) (citing *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 363 (3d Cir. 1983)). Judges will grant motions to

---

[9] The special master determined that the six-year limitations period under the Pennsylvania Unfair Trade Practices Act, rather than the three-year New Hampshire limitations period, was most analogous for the false advertising claim.  R&R at 43-44.  Which limitations period applies does not affect the parties' arguments on the laches defense at the motion to dismiss stage because Philips contends it first learned of its Lanham Act claim less than three years prior to SoClean's initiation of this lawsuit.  The court, therefore, will not decide at this stage which limitations period is most analogous.

>   dismiss for laches only where the defense is clear on the face of the complaint, and "it is clear that the plaintiff can prove no set of facts to avoid the insuperable bar." *Kaufhold, supra* (quotation omitted).

*Id.* at *5. Here, the laches defense is apparent on the face of the counterclaims because Philips pled that SoClean's wrongful conduct began in 2014. The discovery rule would operate, in this case, as a way for Philips to meet one prong of its laches burden, i.e., to show that its delay in suing was excusable.[10]

The Third Circuit Court of Appeals applies a much lower pleading standard for invocation of the discovery rule. In *William A. Graham Co. v. Haughey*, 646 F.3d 138, 150 (3d Cir. 2011), the court explained that the discovery rule has a "fundamentally plaintiff-friendly purpose" and "is grounded in the notion that it is unfair to deny relief to someone who has suffered an injury but who has not learned of it and cannot reasonably be expected to have done so." In *Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014), the court instructed that the discovery rule defense should not be resolved at the motion to dismiss stage unless it is clearly unviable on the face of the pleading. In other words, the lack of any facts to support application of the discovery rule is not fatal at the motion to dismiss stage. The court directed: "while a court may entertain a motion to dismiss on statute of limitations grounds, it may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense. *Id.* at 251. The court continued: "This distinction comes to the fore here, where the applicability of the discovery rule is not evident on the face of the complaint but the plaintiff also does not plead facts that unequivocally show that the discovery rule does not apply." *Id.*

---

[10] The parties and special master did not discuss whether Philips has shown a lack of prejudice to SoClean from the delay.

In *Schmidt*, as here, the untimeliness of some of the claims was clear on the face of the pleading, unless the discovery rule applied. *Id.* at 250. The Third Circuit Court of Appeals did not impose a burden on the plaintiff to plead facts to support application of the discovery rule. As explained in *Acrison, Inc. v. Rainone*, No. 22-3274, 2023 WL 8166786 (3d Cir. Nov. 24, 2023):

> Our decision in *Schmidt* is instructive. In that case, the plaintiff-shareholder appealed the district court's dismissal of his complaint on statute of limitations grounds. *Schmidt*, 770 F.3d at 245. The district court ruled that the plaintiff did not meet his burden of establishing that the discovery rule applied to his fiduciary duty claims because the complaint did not plead facts showing that he exercised reasonable diligence in discovering his injury. *Id.* at 248, 252. We reversed, explaining that the district court's reasoning "effectively required [the plaintiff] to plead around an affirmative defense in his complaint, which is inconsistent with Rules 8 and 12(b)(6)." *Id.* at 252. We concluded that dismissal was premature because "nothing in [the plaintiff's] complaint clearly suggests that he did in fact" discover the wrongdoing too late. *Id.*

*Id.* at *2.

In *Liqwd, Inc. v. L'Oreal USA, Inc.*, No. CV 17-14-JFB-SRF, 2019 WL 10252725 (D. Del. Apr. 30, 2019), the court dismissed a Lanham Act counterclaim for failure to plead facts to support the discovery rule. The court explained:

> L'Oréal alleges the statute of limitations should be tolled under the discovery rule due to Olaplex's efforts to disguise its alleged misconduct. (D.I. 679 at 10) However, L'Oréal has not met its burden of pleading facts sufficient to establish that tolling applies in this instance. *See In re Dean Witter P'ship Litig.*, 1998 WL 442456, at *6 (Del. Ch. July 17, 1998) ("party asserting that tolling applies [bears] the burden of pleading specific facts to demonstrate that the statute of limitations was, in fact, tolled.").

*Id.* at *9. That decision, however, is in tension with *Schmidt*.

As explained above, the counterclaims do not plead sufficient facts to determine when Philips knew or reasonably should have known about its counterclaims against SoClean. Under

16

Third Circuit Court of Appeals' precedent, that lack of information redounds to Philips' benefit at this stage of the case.

In sum, the court cannot conclude from the face of the counterclaims that the Lanham Act false advertising claim is untimely filed. SoClean will have an opportunity, as the special master noted, to renew its laches defense on a fully-developed record. R&R at 47 n.12. SoClean's objections to this aspect of the R&R will be denied.

Conclusion

For the reasons set forth above, SoClean's objections to the R&R (ECF No. 646) will be granted in part and denied in part, as follows: (1) SoClean's objections to the substance and timeliness of the Lanham Act false advertising counterclaim will be denied; (2) SoClean's objections to the Lanham Act trademark dilution counterclaim are granted and counterclaim II will be dismissed with prejudice; (3) SoClean's objections to the substance of the New Hampshire Consumer Protection Act counterclaim are denied; and (4) SoClean's objections to the timeliness of the New Hampshire Consumer Protection Act counterclaim are granted and counterclaim III will be dismissed without prejudice to Philips' ability to seek leave to amend to plead facts about the discovery rule. The special master's Report and Recommendation (ECF No. 616) will be adopted in part as the opinion of the court, as supplemented in this opinion, and not adopted in part.

Dated: October 8, 2024.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge