IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION )<br><br>)<br>This Document Relates to: All Actions )<br>) | Master Docket No. 22-mc-152<br><br>MDL No. 3021 |

**MEMORANDUM OPINION**

Pending before the court is a motion for leave to amend counterclaims (ECF No. 724) filed by Koninklijke Philips N.V., Philips North America LLC and Philips RS North America LLC (collectively, "Philips"). SoClean, Inc. ("SoClean") filed a response in opposition to the motion (ECF No. 752) and Philips filed a reply (ECF No. 759). The motion is ripe for decision.[1]

Background

The initial transfer order for this multidistrict litigation ("MDL") occurred in February 2022. The transfer order recognized that this court, because it presided over MDL No. 3014 (the "Philips CPAP MDL"), was uniquely situated to preside over the overlapping claims in the SoClean MDL. There have been substantial efforts to coordinate activities in both MDLs to promote judicial economy, as well as efficiencies and economy for the parties.

---

[1] Although the parties' briefs are filed under seal, the court determined that this opinion will not be filed under seal.

Discovery has proceeded despite the parties' disputes over the pleadings. The fact discovery deadline is December 20, 2024 (ECF No. 686). There are separate tracks in the SoClean MDL for the "business to business" dispute (to which the pending motion relates) and the SoClean consumer class actions. Counsel notified the court on October 31, 2024, that the consumer claims have settled.

There is a case management order in place with deadlines to resolve other pending matters in the SoClean MDL, including: (1) whether either SoClean or Philips has standing (which may be dispositive of both parties' claims), which is set for a hearing on December 19, 2024; and (2) personal jurisdiction over DW Management Services, LLC, d/b/a DW Healthcare Partners ("DW"), which is set for a hearing on November 13, 2024.

Trial is set for July 2025. The court announced several months ago, on August 21, 2024, that no further continuances or delays will be permitted. (ECF No. 678 at 24) ("Onto the case scheduling. Okay. Let me start off by saying, the litigation is now coming up to its third year. It is not going to be delayed. Anything that I see as pushing, pushing the time frames down, we're not going to do.").

SoClean's operative second amended complaint against Philips (ECF No. 211) was filed in October 2022. The original Philips' counterclaims (ECF No. 507) were filed in January 2024. SoClean's motion to dismiss the counterclaims (ECF No. 537) was filed in February 2024. The special master held oral argument on April 11, 2024, which the court attended. The special master's Report and Recommendation ("R&R") was issued on May 29, 2024.

Both parties filed objections to the R&R. On June 10, 2024, the court stayed deadlines in the business to business case to facilitate settlement discussions. (ECF No. 627). Counsel reported at the July 24, 2024, status conference that the case did not settle at a mediation session

2

held on July 15, 2024.  (Transcript, ECF No. 654).  The court, therefore, ruled on the objections in an opinion and order dated October 8, 2024.

In summary, the court concluded that counterclaim I (Lanham Act false advertising) could proceed; counterclaim II (Lanham Act trademark dilution) was dismissed with prejudice; and counterclaim III (based on the New Hampshire Consumer Protection Act) was potentially cognizable, but Philips failed to meet its burden under New Hampshire law to plead facts to overcome the statute of limitations problem apparent on the face of the counterclaims.  Of particular relevance to the pending motion, the court dismissed counterclaim III without prejudice to Philips' ability to seek leave to amend to plead facts about the discovery rule.

On October 15, 2024, Philips filed the instant motion seeking leave to amend.  Philips submitted a redline version of the proposed amended counterclaims as a courtesy to the court.  It would be an understatement to say that the proposed amended counterclaims contain numerous revisions.  The document essentially doubled in length (from 110 paragraphs to 204 paragraphs, *compare* ECF Nos. 507 & 725), names eight new parties, and asserts three new legal theories.

Discussion

A motion for leave to amend a pleading is "addressed to the sound discretion of the district court." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001); *accord Smith v. McGinley*, No. 24-2173, 2024 WL 4589233, at *2 (3d Cir. Oct. 28, 2024) ("The court has discretion to deny leave to amend a complaint if the delay in seeking amendment is undue or prejudicial") (citing *Cureton*).  The court "may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party."  *Cureton*, 252 F.3d at 273 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

3

The mere passage of time is not a valid reason to deny leave to amend. *Id.* On the other hand, at some point, the delay will become undue or prejudicial. *Id.* The court explained that "undue" means "placing an unwarranted burden on the court." *Id.* The term "prejudicial" means "placing an unfair burden on the opposing party." *Id.*

"[U]ndue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Id.* To evaluate hardship if the amendment were permitted, the court considers "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id.*

In *OCWEN USVI Services, LLC, v. United States Virgin Islands*, No. 3:24-CV-00005, 2024 WL 4674802 (D.V.I. Nov. 5, 2024), the court recently outlined the "bad faith" factor:

> Like undue delay, the question of bad faith requires the court to focus on the plaintiffs' motives for not amending their complaint to assert the claim earlier. However, the scope of the court's inquiry is ... limited to whether the motion to amend itself is being made in bad faith, not whether ... conduct outside the motion to amend amounts to bad faith.

*Id.* at *4 (citations and punctuation omitted). "[A] finding of dilatory motive is justified where the plaintiff acts 'in an effort to prolong litigation." *Id.*

The expansion of parties and legal theories in the proposed amended counterclaim would impose an undue burden on the court and would place an unfair burden on SoClean (and the newly-named parties). Allowing the amendment "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273. The court's efforts to promote the just, speedy and inexpensive resolution of this complex multi-district litigation – which is heading into its third year -- would be frustrated. *See* Fed. R. Civ. P. 1. Permitting amendment would, at a minimum, cause SoClean (and the court) to invest additional time and energy in briefing and resolving motions to dismiss the amended counterclaims based

on the futility arguments set forth in SoClean's opposition and likely jurisdictional challenges from the newly-named parties.

Even if motions to dismiss were unsuccessful, SoClean and the new parties would be entitled to take discovery. There is no realistic way that the additional discovery could be completed by December 20, 2024 – which the court clearly communicated is a firm deadline.

The court does not make an explicit finding about whether Philips' motion is made in bad faith. The court is aware of the disparity in the parties' resources and SoClean's precarious financial situation. SoClean has repeatedly raised concerns that Philips is trying to delay and complicate the litigation. On July 24, 2024, Philips' counsel stated to the court that a wholesale lifting of the stay (which SoClean requested to expedite resolution of the case), rather than the limited lifting of the stay advocated by Philips, would be "quite the nightmare, because it is basically going to invite World War III to break out." ECF No. 654 at 7. The court explained it was sympathetic to SoClean's position because Philips' proposal would result in "just delay and further delay." *Id.* at 14-15. Several weeks after that adverse ruling, on August 13, 2024, Philips filed an unsupported motion to substitute White Oak as the real party in interest (ECF No. 651), which it did not withdraw even after the court conducted an in camera review and SoClean provided redacted documents in an effort to resolve the motion. *See* ECF No. 722 at 16-31. The court expressed the concern that: "I don't want this to turn into a scorched earth theory where the cost of the litigation becomes worth more than any recovery." *Id.* at 28. The pending proposed amendment to the counterclaims implicates similar concerns about excessive costs and delays in this litigation. At a minimum, the "bad faith" factor does not weigh in favor of allowing the amendment.

5

In sum, Philips will not be granted leave to amend its counterclaims as proposed. That amendment would impose an undue burden on the court, prejudice SoClean and the newly-named parties, and interfere with the efficient resolution of this litigation. If Philips seeks to pursue the new claims and new parties, it must do so in a new action.

Philips' motion to amend will be granted in one narrow respect. In the October 8, 2024, opinion and order, the court expressly gave Philips an opportunity to replead sufficient facts to trigger application of the discovery rule with respect to counterclaim III. Philips endeavored to do so in the proposed amended counterclaims. Philips will be permitted to file amended counterclaims that contain <u>only</u> the new averments about the discovery rule with respect to counterclaim III.

The court will not dismiss proposed amended counterclaim III as futile. Even if the court were to consider the facts outside the pleadings cited by both parties, counterclaim III could not be dismissed as untimely as a matter of law. At the motion to dismiss stage, the facts and reasonable inferences must be drawn in the light most favorable to the nonmoving party (here, Philips). It is reasonable to infer that Philips is entitled to invoke the discovery rule to toll the limitations period. SoClean will have an opportunity to present all its arguments with respect to counterclaim III based on a fully developed record.

Conclusion

For the reasons set forth above, Philips' motion for leave to amend counterclaims (ECF No. 724) will be granted in part, in that Philips will be permitted to file an amended counterclaim III (the New Hampshire Consumer Protection Act) to plead facts about the discovery rule on or before November 19, 2024, and denied in all other respects, without prejudice to Philips being able to file a new action.

An appropriate order will be entered.

Dated: November 12, 2024.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge