**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: *SoClean, Inc.* v. *Koninklijke Philips N.V., et al.*, 2:22-cv-542 | Master Docket: No. 22-mc-152<br><br>MDL No. 3021 |
| PHILIPS NORTH AMERICA LLC and PHILIPS RS NORTH AMERICA LLC,<br><br>                    Counterclaim-Plaintiffs,<br>   v.<br><br>SOCLEAN, INC. and DW MANAGEMENT SERVICES, LLC,<br><br>                    Counterclaim-Defendants. | |

**PHILIPS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
SOCLEAN'S MOTION TO EXCLUDE AND STRIKE CERTAIN OPINIONS
OF PHILIPS' DAMAGES EXPERT, MARIA E. GARIBOTTI, PH.D.**

At the conclusion of day two of the *Daubert* hearing, SoClean devoted a significant portion of its presentation to an argument that comprised just a single paragraph of its motion papers with respect to Philips' damages expert, Dr. Maria Garibotti.  (*See* Br. at 10.)  In particular, SoClean argued that Philips could not establish that SoClean was a factual (as opposed to proximate) cause of the small subset of Respironics' recall costs that Dr. Garibotti determined was allocable to SoClean.  (July 2, 2025 Hr'g Tr. at 115-16.)  According to SoClean, the Philips parties "just skip over to the proximate cause part and have assumed or ignored whether or not it had any effect, for instance, on the scope of the recall."  (*Id*. at 116.)  As explained below, Special Master Vanaskie already rejected that argument when SoClean previously made it on summary judgment.

(*See* ECF No. 918, R&R at 45, 49-51.)  Nonetheless, given SoClean's continued focus on this argument, Philips respectfully submits this supplemental brief explaining why SoClean is wrong.

The standard for factual causation here is *not* but-for causation.  A false advertising claim under the Lanham Act is a creature of statute, and the Lanham Act's text includes no but-for causation requirement.  Instead, it simply requires an "economic or reputational injury flowing directly from the deception" to establish "proximate causation."  *Lexmark Int'l, Inc.* v. *Static Control Components*, 572 U.S. 118, 133 (2014).  It says nothing of but-for causation.

Further, the Restatement (Third) of Torts makes clear that factual causation does *not* require but-for causation when an economic injury has *multiple sufficient causes*:

> If multiple acts occur, each of which under § 26 alone would have been a factual cause of the physical harm at the same time in the absence of the other act(s), *each act is regarded as a factual cause of the harm*.

Restatement (Third) of Torts:  Phys. & Emot. Harm § 27 (2010) (emphasis added).[1]  Prosser, too, explains that the appropriate test in such a situation is not but-for causation but instead whether the defendant's conduct "was a material element and a substantial factor":

> If two causes concur to bring about an event, and either one of them, operating alone, would have been sufficient to cause the identical result, some other test [other than but-for causation] is needed. . . . In such cases it is quite clear that each cause has in fact played so important a part in producing the result that responsibility should be imposed upon it; and it is equally clear that neither can be absolved from that responsibility upon the ground that the identical harm would have occurred without it, or there would be no liability at all. . . . The defendant's conduct is a cause of the event if it was a material element and a substantial factor in bringing it about.

---

[1]     *See also* Restatement (Second) of Torts § 432(2) (1965) ("If two forces are actively operating, one because of the actor's negligence, the other not because of any misconduct on his part, and each of itself is sufficient to bring about harm to another, the actor's negligence may be found to be a substantial factor in bringing it about."); Restatement (Third) of Torts:  Remedies § 12 TD No 2 (2023) ("Restatement Third, Torts: Liability for Physical and Emotional Harm §§ 27 and 36, superseded the rule on multiple sufficient causes in Restatement Second, Torts § 432(2).").

> Whether it was such a substantial factor is for the jury to determine, unless the issue is so clear that reasonable persons could not differ.

W. Page Keeton *et al*., Prosser & Keeton on Law of Torts 266-67 (5th ed. 1984). In fact, "[t]here is near-universal recognition of the inappropriateness of the but-for standard for factual causation when multiple sufficient causes exist." Restatement (Third) of Torts: Phys. & Emot. Harm § 27 Reporters' Note cmt. A (collecting cases).[2]

The Restatement illustrates this point with an example: two campers independently start separate forest fires in the woods, and a lodge is destroyed. In that scenario, ***"[e]ither fire alone would have destroyed the lodge."*** *Id.* cmt. A, illus. 1. Thus, neither fire made the harm worse than it otherwise would have been. Yet, because each fire "would have been a factual cause if the other [fire] had not been operating," the jury may find both campers liable. *Id.* This fundamental principle dates back over a century. In fact, it is based on an 1894 decision, *McClellan* v. *St. Paul, Minneapolis & Manitoba Railway Co.* (referred to by Prosser above), in which the court reasoned that "where the injury is the result of two concurring causes, one party is not exempt from full liability, although another party is equally culpable." 58 Minn. 104, 107 (1894).[3]

---

[2]    SoClean is incorrect that Philips is making proximate cause arguments instead of factual cause arguments. (*See* July 2, 2025 Hr'g Tr. at 116 ("[T]here's no basis to include a cause, skip over that, and go to proximate cause. That's what they're doing, and . . . the cases they are quoting are about proximate cause.").) In fact, Section 27 of the Third Restatement appears in the Restatement's "Factual Cause" chapter (chapter 5), not its "Scope of Liability (Proximate Cause)" chapter (chapter 6). Similarly, Section 432 of the Second Restatement is titled "Negligent Conduct as Necessary Antecedent of Harm," whereas proximate cause falls in a separate section titled "What Constitutes Legal Harm."

[3]    Judge Posner provided a similar analogy in *United States* v. *Feliciano*: "A barrel of gasoline is sitting on the street. Through negligence two people toss lighted matches into the barrel at the same time and it explodes. It would have exploded if only one lighted match had been thrown into it; so neither person was a 'but for' cause of the explosion; yet both would be held liable in tort (or criminally if they had acted recklessly or deliberately), both having 'caused' the explosion in a perfectly reasonable sense." 45 F.3d 1070, 1075 (7th Cir. 1995).

Courts have regularly applied this longstanding principle to scenarios in which an effect is causally over-determined. *See, e.g.*, *Khodara Env't, Inc.* v. *Blakey*, 376 F.3d 187, 195-96 (3d Cir. 2004) (two statutory issues independently prevented developer from building landfill; court holds that developer has standing to challenge one, despite continued existence of the other, which, on its own, prevented developer from proceeding); *SL Serv., Inc.* v. *United States*, 357 F.3d 1358, 1361-62 (Fed. Cir. 2004) (quotations omitted) (a "literal and simple version of the but-for test [that] holds that neither defendant's act is a cause of the harm" when "concurrent and independently sufficient acts combine to cause harm . . . has been universally condemned as violating both an intuitive sense of causation and good legal policy"); *Basko* v. *Sterling Drug, Inc.*, 416 F.2d 417, 429-30 (2d Cir. 1969) (health condition could have been caused by either of two drugs; court concludes that but-for test "will not work . . . in the situation where two independent forces concur to produce a result which either of them alone would have produced" because "either force can be said to be the cause in fact of the harm"); *Sanders* v. *Am. Body Armor & Equip. Inc.*, 652 So. 2d 883, 883-85 (Fla. Dist. Ct. App. 1995) (two gunshots were "concurrent causes of a single injury"; court concludes it was error to base ruling below on rationale that one gunshot was "not the proximate cause" of death). This is no different for Lanham Act claims, where courts have recognized that injuries can have multiple causes without defeating the causation element. *E.g.*, *REX – Real Estate Exchange, Inc.* v. *Zillow, Inc.*, 2023 WL 4999100, at *1 (W.D. Wash. 2023) (denying summary judgment where plaintiff's decline in real estate listings could have been caused either by Zillow's language distinguishing between "agent listings" and "other listings" (the actionable conduct under the Lanham Act) or by Zillow's two-tab design for these two types of listings (not actionable under Lanham Act)).

In short, as a matter of law, SoClean did *not* need to make the recall worse for SoClean to be liable here.[4] So long as SoClean's conduct would have required Philips to incur costs to remediate the SoClean-exposed devices (a point SoClean does not, and cannot, dispute), SoClean does not escape liability due to the existence of additional factors that *also* required remediation. Notably, the relevant injury here is not all of Respironics' recall costs, but *only* those costs associated with *SoClean-exposed* devices. This is a small fraction of Respironics' recall costs more broadly. Dr. Garibotti cut 95% of Respironics' total recall costs in her calculation of *only* those costs associated with SoClean-exposed devices specifically.

Notably, SoClean made this very same "but-for" causation argument in its motion for summary judgment, arguing that Philips lacked standing because SoClean did not cause Philips' claimed injuries. (*See* R&R at 32.) In ruling on that motion, Special Master Vanaskie emphasized that this argument, although framed as an argument regarding injury-in-fact, was "more akin to a causation challenge"—and thus analyzed it as such. (*Id.* at 32, 37-38, 40-42.) Special Master Vanaskie explained that for purposes of standing, causation "leaves room for concurrent causation, such that if an action is 'at least in part responsible for' the plaintiff's injury, the causation element of *Lujan* is satisfied." (*Id.* at 41-42.) In coming to this conclusion, Special Master Vanaskie relied on cases that "held that multiple factors may contribute to an injury without negating causation, and in a circumstance with multiple causes of an injury, the standing injury requires only a showing that the defendant's act increased the risk of harm to a person in the plaintiff's position." (*Id.* at 49 (collecting cases); *see also Khodara*, 376 F.3d at 195 ("[I]t is well recognized that but-for causation is problematic in precisely the situation present here, i.e, where

---

[4]    Philips understands this is the question the Court was raising during the hearing when the Court remarked that Philips "had the recall regardless of SoClean." (July 2, 2025 Hr'g Tr. at 113.)

an effect is 'causally over-determined,' i.e., where there are multiple sufficient causes.").) SoClean did not file objections to Special Master Vanaskie's R&R, and his reasoning still holds. For SoClean-exposed devices, SoClean was *a* cause of the need for a recall of those devices (and the attendant costs), even if there were other causes for a global recall that covered other devices.

Moreover, even if the multiple sufficient causes doctrine did not exist (it does) and but-for causation were the applicable standard (it is not), Philips would still meet it. SoClean just ignores evidence of but-for causation. For instance, one of Philips' Rule 30(b)(6) witnesses testified that "the presence of ozone cleaners on the market . . . made the scope of the recall probably larger than it could have been," and that but for SoClean's presence in the market, Philips "may not have had to recall all of th[e] devices" but rather that "[i]t could have been a subset." (ECF No. 811-2, Counterclaim-Plaintiffs' Responses & Objections to Counterclaim-Defendants' Concise Statement of Undisputed Material Facts ¶ 14 (citing Philips Rule 30(b)(6) Dep. Tr. at 182, 189); *see also id.* ¶¶ 15, 112 (similar).) The witness also testified that there were additional testing costs incurred as part of the recall solely due to SoClean's marketing of its devices for use with Respironics PAPs. (ECF No. 811-1, Counterclaim-Plaintiffs' Additional Statement of Undisputed Material Facts ¶ 13 ("Philips would not have incurred certain testing costs if ozone-based PAP cleaners, such as SoClean's, were not on the market.") (citing Philips Rule 30(b)(6) Dep. Tr. at 202-03).) Another Philips witness echoed those points, testifying that the recall's priorities would also have been different had SoClean not been on the market, as Philips prioritized the most "critical" patients and machines, meaning that machines that were used with SoClean were prioritized over those that did not. (ECF No. 811-2, Counterclaim-Plaintiffs' Responses & Objections to Counterclaim-Defendants' Concise Statement of Undisputed Material Facts ¶ 14 (citing D'Angelo Dep. Tr. at 415-16).)

Again, Special Master Vanaskie has already addressed all this. He rejected SoClean's motion for summary judgment because "Philips has shown a plausible link between the compatibility claim and the scope of the recall and the actions Philips took to support the recall, like prioritizing the recall of machines used with a SoClean because these machines presented the highest risk to consumers." (R&R at 46; *see id.* at 52 ("Philips has indicated that the existence of SoClean and its alleged exacerbation of hydrolysis of the PE-PUR foam required Philips to plan the recall to prioritize the recall of devices that utilized SoClean devices first because these devices were a higher-risk to consumers than those devices that did not utilize ozone") (citing D'Angelo Dep. Tr. at 415-16).) SoClean did not object to or otherwise challenge this finding. In short, although the same models of devices may have been recalled either way, there is no basis to credit SoClean's speculation and assumption that all costs associated with the recall would have been identical without SoClean and its false compatibility claims on the market. In other words, even if but-for causation were the standard (it is not), this would be a fact question for the jury in all events.

Dated: July 18, 2025

Respectfully submitted,

 /s/ *William B. Monahan*
Tracy Richelle High (NY Bar No. 3020096)
hight@sullcrom.com
William B. Monahan (NY Bar No. 4229027)
monahanw@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
Tel:  (212) 558-4000
Fax:  (212) 558-3588

Michael H. Steinberg (of counsel)
steinbergm@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA  90067
Tel:  (310) 712-6670
Fax:  (310) 712-8800

*Counsel for Philips North America LLC*

 /s/ *Erik T. Koons*
Erik T. Koons (NY Bar No. 2941102)
erik.koons@bakerbotts.com
Sterling A. Marchand  (D.C. Bar No. 1001065)
sterling.marchand@bakerbotts.com
BAKER BOTTS LLP
700 K Street, NW
Washington, DC  20001
Tel:  (202) 639-7973
Fax:  (202) 585-1086

 /s/ *Andrew T. George*
Andrew T. George (PA Bar No. 208618)
andrew.george@bgblawyers.com
BOURELLY, GEORGE + BRODEY PLLC
1050 30th Street, NW
Washington, DC  20007
Tel:  (202) 753-5012
Fax:  (703) 465-8104

*Counsel for Philips RS North America LLC*